IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN ROGOWSKI<br>2867 Sebring Rd.<br>Philadelphia, PA 19152<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PENN-DEL BAKING<br>DISTRIBUTORS, INC.<br>425 37th Street<br>Pennsauken, NJ 08110<br>　　and<br>ROCKLAND BAKERY, INC.<br>94 Demarest Mill Rd.<br>Nanuet, NY 10954<br><br>　　　　Defendants. | CIVIL ACTION<br><br>No. _____ |

## CIVIL ACTION COMPLAINT

Plaintiff, John Rogowski (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I.　INTRODUCTION

1.　Plaintiff has initiated this action to redress violations by Penn-Del Distributors, Inc. and Rockland Bakery, Inc. (*hereinafter* collectively referred to as "Defendants") of the Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq.*), and applicable state law(s). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

### II.　JURISDICTION AND VENUE

2.　This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has

supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendants because of their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. <u>PARTIES</u>

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Defendant Penn-Del Baking Distributors, Inc. (*hereinafter* "Defendant Penn-Del") is a distributor of bread and other bakery goods with locations throughout Pennsylvania, New Jersey, and New York, including the location at which Plaintiff worked in Pennsauken, New Jersey (as identified in the above-captioned address).

8. Defendant Rockland Bakery, Inc. is a corporation in the business of producing and providing bread and other bakery goods throughout the United States and upon information and belief is the owner of Defendant Penn-Del.

9. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

## IV. FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was employed with Defendants from in or about January of 2010 through in or about May of 2011, when he separated from his employment with Defendants for approximately 1.5 years. Plaintiff was then re-hired in or about 2013.

13. After being re-hired by Defendants in or about 2013, Plaintiff remained employed with Defendants for approximately two (2) years.

14. Plaintiff separated from his employment with Defendants again in or about September of 2015.

15. When Plaintiff was initially re-hired by Defendants in 2013, he was primarily performing warehouse duties, which consisted largely of labor work (i.e. unloading trucks, handing out product to drivers, and cleaning up the warehouse at the end of the night).

16. While employed with Defendants performing warehouse duties, Plaintiff often worked approximately sixty (60) hours per week; however, Plaintiff was paid a salary of approximately $650.00 each week, regardless of how many hours he worked.

17. During the period that Plaintiff worked in Defendants' warehouse, Defendants failed to keep proper record of the number of hours that Plaintiff worked (as required by the FLSA).

18. In or about 2014, Plaintiff began working for Defendants as a driver with delivery routes primarily in New Jersey.

19. While employed as a driver, Plaintiff was paid a salary of $750.00 per week until in or about late July/early August of 2014 and then received a pay increase to $875.00 per week.

20. In or about June of 2015, Defendants changed their pay structure and began to pay Plaintiff an hourly rate.

21. Approximately two weeks after Plaintiff was changed from a salary to hourly rate (discussed in Paragraph 20 of this Complaint), he was again transferred to the warehouse and performed both warehouse duties and driving duties (at times).

22. At all times during his employment with Defendants, Plaintiff worked approximately 45-60+ hours per week.

23. While being paid a salary rate (discuss *supra*), Plaintiff worked well over forty (40) hours in one week, sometimes working even sixty-five (65) hours per week; however, Defendants never paid Plaintiff time and one half for any hours he worked in excess of forty (40) hours in one week.

24. While employed with Defendants (until in or about June of 2015), Plaintiff was always paid a set salary per week, regardless of how many hours per week he worked (and

despite the fact that Defendants often times acknowledged Plaintiff's overtime hours on his paychecks). *See, e.g.* one of Plaintiff's pay checks, attached hereto as "Exhibit A."

25. While employed with Defendants' as a driver, Plaintiff primarily drove a 2005 E-250 with an approximate gross weight of $7,000 pounds (according to the vehicle's Pennsylvania Registration Card).

26. Defendants setup and perpetrated many practices with the intent to deceive Plaintiff by intentionally and knowingly violating state and federal wage and overtime laws by failing to pay Plaintiff time and one half for all hours that he worked in excess of forty (40) hours in one week.

27. Plaintiff was at all times during his employment with Defendants a non-exempt employee who should have been paid at a rate of time and one half for all hours he worked beyond forty (40) hours in one week.

28. Plaintiff is owed a very substantial sum of money for not properly being paid wages and for not being paid for all overtime hours worked.

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**
**-Against Both Defendants-**

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. At all times relevant herein, Defendants have and continue to be employer(s) within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

31. At all times relevant herein, Defendants to this action were responsible for paying wages to Plaintiff.

32. At all times relevant herein, Plaintiff was employed with Defendants as "employee[s]" within the meaning of the FLSA.

33. The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 hours in a workweek.

34. At all times during his employment with Defendant, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

35. During the first 1.5 years of employment with Defendants, Plaintiff was paid a set amount of either between $650.00 and $850.00 per week, regardless of how many hours he worked.

36. Plaintiff worked in excess of 40 hours per week nearly every week he worked for Defendants.

37. Defendants did not (and have not) paid Plaintiff at a rate of time and one half for hours he worked beyond 40 hours per week during the first approximate 1.5 years of his employment.

38. The manner in which Plaintiff was paid is illegal, as he was never an exempt employee under the FLSA.

39. These actions as aforesaid constitute violations of the FLSA, willfully subjecting Defendants to liquidated damages.

40. Pursuant to the FLSA, Plaintiff is entitled to unpaid overtime compensation going back to three years from the date of this Complaint.

41. Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid overtime compensation, as well as penalties, costs, fees and interest.

## Count II
### Violations of the New Jersey Wage & Hour Law(s) and the NJ Wage Payment Law(s)
(Unpaid Overtime Compensation and Wages)
- Against Both Defendants -

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff was not properly paid all wages owed to him or for all overtime hours worked.

44. These actions as aforesaid constitute violations of the NJ Wage and Hour Law(s) and the NJ Wage Payment Law(s).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting overtime violations;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to back pay and other penalties permitted by law.

C. Plaintiff is to be awarded liquidated damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

F.  This case shall be tried by a jury as permitted by law, as Plaintiff seeks and demands same.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: October 11, 2016

# Exhibit A

| CO. | FILE | DEPT. | CLOCK NUMBER | 020 |
|---|---|---|---|---|
| EG5 | 005093 | 004 | 0000038667 | 1 |

# Earnings Statement

*PENN-DEL BAKING DISTRIBUTORS INC*
*425 37TH STREET*
*PENNSAUKEN, NJ 08110*

Period Ending: 12/20/2014
Pay Date: 12/24/2014

Taxable Marital Status: Single
Exemptions/Allowances:
    Federal: 2, $25 Additional Tax
    NJ: 2, Table A
    PA: N/A

JOHN Z ROGOWSKI
2867 SEBRING ROAD
PHILADELPHIA, PA 19157

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 875.00 | 40.00 | 875.00 | |
| Overtime | | 14.02 | | |
| **Gross Pay** | | | **$875.00** | 26,125.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -118.24 | 3,515.44 |
| | Social Security Tax | -54.25 | 1,619.75 |
| | Medicare Tax | -12.69 | 378.81 |
| | PA State Income Tax | -26.86 | 802.02 |
| | Philadelphia Income Tax | -34.30 | 1,024.25 |
| | NJ SUI/SDI Tax | | 205.89 |
| | **Other** | | |
| | Dental | -3.20 | |
| | Medcl | -50.77 | 2,443.58 |
| | **Net Pay** | **$574.69** | |
| | **Net Check** | **$574.69** | |

Your federal taxable wages this period are $875.00

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Hire Date | | 01/25/2010 |

© 1998, 2006, ADP, LLC All Rights Reserved.

▼ TEAR HERE